O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL FERGUSON, | ) NO. CV 10-4959-GAF (MAN) |
| Petitioner, | ) |
| v. | ) ORDER: DISMISSING PETITION |
| L.S. McEWAN, | ) WITHOUT PREJUDICE; AND DENYING |
| Respondent. | ) CERTIFICATE OF APPEALABILITY |

On July 6, 2010, Petitioner, a California prisoner, filed a habeas petition in this Court pursuant to 28 U.S.C. § 2254 ("Petition"). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the Petition is unexhausted.[1] Therefore, the instant Petition must be dismissed without prejudice.

---

[1] The Court may raise exhaustion problems *sua sponte*. Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); *see also* Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 1675-76 (1987).

1  Federal courts may not grant habeas relief to a person held in
2 state custody unless the petitioner has exhausted his available state
3 court remedies as to each of the issues presented.  28 U.S.C. §
4 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203
5 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005)("We
6 may review the merits of Petitioner's habeas petition only if he
7 exhausted state court remedies.").  "[T]he exhaustion doctrine is
8 designed to give the state courts a full and fair opportunity to resolve
9 federal constitutional claims *before* these claims are presented to the
10 federal courts." O'Sullivan v. Boeckerl, 526 U.S. 838, 845, 119 S. Ct.
11 1728, 1732 (1999)(emphasis added); *see also* Baldwin v. Reese, 541 U.S.
12 27, 29, 124 S. Ct. 1347, 1349 (2004)(in order to give the State the
13 chance to pass upon and resolve violations of his federal rights, a
14 state prisoner must exhaust his available state remedies before seeking
15 federal habeas relief).  A state prisoner seeking relief with respect to
16 a California conviction or sentence is required to "fairly present" his
17 federal claims to the California Supreme Court.  *See id.* at 29, 124 S.
18 Ct. at 1349 (a state prisoner must fairly present his claim to a state
19 supreme court having the power of discretionary review); Keating v.
20 Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

22  Petitioner alleges that his state appeal concluded on May 10, 2006,
23 when the California Supreme Court denied review.  (Petition at 3.)
24 Petitioner further alleges that:  he has not filed any state habeas
25 petition; and the single ground for relief alleged in the Petition has
26 not been raised in either the California Court of Appeal or the

2

California Supreme Court.[2] (Petition at 3, 5, 7.) Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed, and takes judicial notice of, the electronic docket for the California Supreme Court,[3] which shows that the sole state high court proceeding filed by Petitioner was his petition for review filed on direct appeal (Case No. S141382), which was denied on May 10, 2006.

The Petition, thus, is fully unexhausted. As a result, Petitioner's motion for a stay and abeyance, which is appended to the Petition, cannot be granted.[4] Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

Petitioner has not given the state high court a chance to rule on his claim alleged in the Petition and, thus, has failed to exhaust his available state court remedies. Accordingly, the Petition must be dismissed without prejudice. Rose, 455 U.S. at 522, 102 S. Ct. at 1205. Once Petitioner does properly exhaust his claim, he may file a *new* habeas petition in this Court.[5]

---

[2] The claim pleaded as Ground One is not among those claims Petitioner lists as having been raised in his state appeal. (*Compare* Petition at 2-3 with 5.)

[3] Available at http://appellatecases.courtinfo.ca.gov.

[4] Petitioner's motion for the appointment of counsel appended to the Petition also cannot be granted, given that the dismissal of this case is required under Rule 4.

[5] The Court advises Petitioner that he must be mindful of the **one-year statute of limitations for bringing federal habeas actions**. *See* 28 U.S.C. § 2254(d)(1). In view of the one-year limitations period, **Petitioner is cautioned that he should proceed with diligence** in his exhaustion efforts and in returning to federal court, should he wish to pursue federal habeas relief. **He further is advised that: the filing and pendency of this Petition does not toll the one-year limitations**

1     For the foregoing reasons, IT IS ORDERED that:  the Petition is dismissed without prejudice; and Judgment shall be entered dismissing this action without prejudice for failure to exhaust available state remedies.

    In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case.  *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

DATED: July 15, 2010.

_____
GARY A. FEESS
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

period, which continues to run; and any subsequent federal habeas petition he may file will be a new and separate habeas petition, which will **not** relate back to the filing date of the current Petition.  The Court notes that Petitioner's limitations period commenced running on August 9, 2006, and expired on August 8, 2007, almost three years before the instant Petition was filed.  Hence, absent some basis for a delayed accrual of the limitations period and/or equitable tolling, it is unlikely that any federal habeas petition raising the claim alleged in the Petition could be timely.

4